# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICENTRX, INC., | CASE NO. 20-cv-1058-LAB (LL) |
| Plaintiff, | **AMENDED ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| vs. | |
| COREY A. CARTER | |
| Defendants. | |

This Order amends Dkt. No. 9 to correct a clerical error in the title of that document. The balance of Dkt. No. 9 is reproduced in this Order without further changes.

Plaintiff EpicentRx, Inc. filed this case on June 9, 2020. Five weeks later, EpicentRx filed an *ex parte* Application for Temporary Restraining Order (TRO). The Court **DENIES** the application for a temporary restraining order for the reasons stated below.

A temporary restraining order is extraordinary relief available only where such an order "serv[es] [its] underlying purpose of preserving the status quo and preventing irreparable harm before a preliminary injunction hearing may be held." *Granny Goose Foods*, 415 U.S. 423, 439 (1974). TROs are appropriate only where a party's interests are in urgent need of protection. *See id.* This Court hears such motions "[o]nly under extraordinary circumstances." *Burns Standing Order in Civil Cases*.

Circumstances here do not warrant issuance of a TRO. Based on a complaint filed over a month ago and arising out of an employee's termination two months ago, Plaintiff

asks the Court to direct the Defendant to return certain items and to comply with pre-existing obligations not to spoliate evidence or misappropriate trade secrets. *See* Dkt. 1; Dkt. 5 at 13-14, 30-31. Plaintiff admits that Defendant has committed to returning at least some of the items in question by July 17, 2020. Dkt. 5-1 at 3.

Under these circumstances, the Court does find that matters are so urgent that injunctive relief is warranted without first permitting Defendant to be heard. Plaintiff provides no explanation for the delay in seeking relief, nor does the application identify any changed circumstances rendering matters more urgent than when Plaintiff filed its complaint. Moreover, while TROs are meant to "preserv[e] the status quo" until the Court hears from both parties, an order requiring a party to deliver possession of property would have the opposite effect on the status quo. *Granny Goose Foods*, 415 U.S. at 439.

Plaintiff hasn't demonstrated the urgency necessary to justify issuance of a TRO; the Application is **DENIED.**

The Court construes the remainder of the filing as an application for a Preliminary Injunction and sets the matter for hearing on **August 17, 2020 at 2:00 p.m.** in Courtroom 14A. Plaintiff must file a brief by **July 22, 2020** on the issue of mootness resulting from Defendant's promised return of certain items. Defendant's response must be filed by **August 3, 2020**. No reply brief is to be filed without leave. If the Court determines that it can decide the matter on the papers, it may vacate the hearing set by this order.

Future filings must comply with the length limitations in the Court's Local Rules.

Dated: July 16, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge