UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EPICENTRX, INC.,

                                    Plaintiff,

v.

COREY A. CARTER, M.D.,

                                    Defendant.

Case No.:  20cv1058-LAB-LL

**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER WITH MODIFICATIONS**

**[ECF No. 46]**

Currently before the Court is the Parties' "Joint Motion for Entry of [Proposed] Stipulated Protective Order." ECF No. 46. The Parties represent they have agreed upon the terms of a Protective Order (attached as Exhibit A to this Order) in all respects except for one: whether the Protective Order should contain a "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" designation that would preclude Defendant, Dr. Carter, from directly reviewing certain materials with this designation. Id. at 5-6. For the reasons set forth below, the Court: (1) **GRANTS** Plaintiff's request for a provision allowing for materials to be designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY"; and (2) **GRANTS** the Parties' Joint Motion for Entry of a Stipulated Protective Order with modifications.

1

## **RELEVANT BACKGROUND**

The instant dispute arises over Section 7.3 of the Parties' Stipulated Protective Order, which permits the Parties to designate certain items as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Id. at 5.

Specifically, Section 7.3 states:

> Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'
> EYES ONLY" Information or Items.  A higher level of
> protection shall be provided for trade secrets and highly sensitive
> research, development or commercial documents, testimony,
> information, or other materials designated "HIGHLY
> CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Unless
> otherwise ordered by the Court or permitted in writing by the
> Designating Party, access to material designated "HIGHLY
> CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be
> restricted to the following individuals:
>
> (a)    Outside Counsel of Record for the Parties as well as
> employees of said Outside Counsel of Record to whom it is
> reasonably necessary to disclose the information to assist such
> attorneys in connection with the Action;
>
> (b)    Experts (as defined in this Order) used by Outside Counsel
> of Record for the Parties (1) to whom disclosure is reasonably
> necessary for this Action; and (2) who have signed the
> "Acknowledgment and Agreement to Be Bound" (Exhibit A);
>
> (c) court reporters and their staff;
>
> (d) the Court and its personnel;
>
> (e) professional jury or trial consultants, and Professional
> Vendors to whom disclosure is reasonably necessary for this
> Action and who have signed the "Acknowledgment and
> Agreement to Be Bound" (Exhibit A);
>
> (f) authors and recipients of the Confidential Material;

2

(g) a fact deposition witness or a trial witness that meets the limitations of Section (f) above; any 30(b)(6) deposition witness presented by the Designating Party; any trial witness, provided that the Designated Material marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" has been or will be offered into evidence, by stipulation of the Designating Party or by ruling by the Court; attorneys for those witnesses; and if disclosure is reasonably necessary, provided: (1) the deposing and/or examining party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) any other person with the prior written consent of the Designating Party or by Order of this Court.

Ex. A at 9-10.[1]

Plaintiff argues a "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" provision is appropriate in this case because there "may be disclosures and documents" exchanged that "contain highly sensitive trade secrets and proprietary information" which Plaintiff "contends [] would be inappropriate and prejudicial" for Plaintiff to disclose to

---

[1]  The Parties also dispute whether all other references to the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation should be included. ECF No. 46 at 5.

3

Defendant directly. ECF No. 46 at 5. Plaintiff further argues that the designation does not prevent "counsel from rendering advice to their clients with respect to this litigation" and that "protective orders in trade secrets cases commonly include" an AEO designation. Id.

Defendant argues that the inclusion of an AEO provision would be "prejudicial to his ability to advise his attorneys, assist in this case, and make informed decision[s]." Id. at 6. In addition, Defendant argues the provision is "illogical and highly prejudicial" as Defendant would previously have had access to all confidential documents and information in this case as the former CEO of EpicentRx, Inc. Id.

## ANALYSIS

### I.  Inclusion of AEO Provision

Rule 26 authorizes the court, upon a showing of good cause, to issue a protective order to "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

As the party seeking the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation, Plaintiff bears the burden of establishing good cause for its inclusion. Lindsey v. Elsevier Inc., No. 16-cv-00959-GPC-DHB, 2016 U.S. Dist. LEXIS 111786, at *5 (S.D. Cal. Aug. 19, 2016) (citing Rivera v. NIBCO, Inc., 384 F.3d 822, 827 (9th Cir. 2004)). To establish good cause, Plaintiff must demonstrate that disclosure "will cause specific prejudice or harm." Id.  In evaluating prejudice or harm in cases "[w]here trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." Lindsey, 2016 U.S. Dist. LEXIS 111786, at *5-6 (quoting Nutratech, Inc. v. Syntech Int'l, Inc., 242 F.R.D. 552, 555 (C.D. Cal. 2007)) (citing Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992)).

As an initial matter, the Court notes with disfavor that **both** of the Parties' respective briefs were unsupported by any factual evidence or legal authority. Nonetheless, Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20,

4

36 (1984).

Here, the Court agrees with Plaintiff that this District's Model Protective Order is an appropriate starting point "setting forth presumptively reasonable conditions regarding the treatment of highly confidential information." See Barnes & Noble, Inc. v. LSI Corp., No. C 11-02709 EMC (LB), 2012 U.S. Dist. LEXIS 23103, at *6 (N.D. Cal. Feb. 23, 2012). Under this District's Model Protective Order, Parties may designate information "CONFIDENTIAL – FOR COUNSEL ONLY" only if "in the good faith belief of such party and its counsel" the designated information is "considered to be the most sensitive by the party"—including but not limited to "trade secret or other confidential research, development, financial or other commercial information." See United States District Court for the Southern District of California Model Protective Order at 3, available at https://www.casd.uscourts.gov/_assets/pdf/forms/Model%20Protective%20Order.pdf.

Section 7.3 of the Stipulated Protective Order operates similarly, providing a "higher level of protection" for "trade secrets and highly sensitive research, development or commercial documents, testimony, information or other materials[.]" Ex. A at 10. The Stipulated Protective Order further defines "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" items to be Confidential Information that the designating party contends are "trade secrets and/or commercially sensitive" such that the disclosure "could cause harm that could not be avoided absent such designation." Id. at 3. Given these similarities, the Court finds Section 7.3 of the Parties' Stipualted Protective Order is at least presumptively reasonable.

The Court is additionally mindful of the context in which this case was brought. See Brown Bag, 960 F.2d at 1470 (courts should examine "the nature of the claims" in making a determination on the propriety of a protective order). Plaintiff commenced this action for (among other things) trade secret misappropriation. See ECF No. 1. Specifically, Plaintiff alleges (among other things) that Defendant is engaged in an effort to "recreate the proprietary formulations of its therapies" and that Defendant "has been in contact with entities in China and elsewhere to secure a deal for these trade secrets and other

5

information." <u>Id.</u> at 24.

Given this context, the Court takes Plaintiff's concerns seriously and is not persuaded Plaintiff should be prevented from **ever** designating **any** materials "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." As the Ninth Circuit has held, district courts are permitted "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, <u>trade secrets or other confidential research</u>, development, or commercial information[.]" <u>Phillips v. GMC</u>, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis added); <u>see also</u> <u>Pedinol Pharmacal v. Rising Pharm.</u>, No. CV 06-2120 (LDW) (AKT), 2007 U.S. Dist. LEXIS 114268, at *4 (E.D.N.Y. Apr. 12, 2007) ("Protective orders that limit access to certain documents to counsel and experts only <u>are commonly entered in litigation involving trade secrets and other confidential research</u>, development, or commercial information.") (emphasis added).

The Court takes equally as seriously Defendant's concerns an AEO provision would make this litigation more onerous and affect "his ability to advise his attorneys[.]" ECF No. 46 at 6. However, "[a] showing that the protective order increases the difficulty of managing litigation, without more, does not constitute actual prejudice." <u>Mad Catz Interactive, Inc. v. Razor USA, Ltd.</u>, No. 13cv2371-GPC (JLB), 2014 U.S. Dist. LEXIS 115896, at *16 (S.D. Cal. Aug. 19, 2014). As Plaintiff correctly notes, an AEO provision would not deny Defendant complete access to AEO designated materials. The documents would still be accessible by Defendant's experienced attorneys. <u>GXP Capital, LLC v. Argonaut EMS</u>, No. 17cv2283-GPC (BLM), 2018 U.S. Dist. LEXIS 102581, at *10 (S.D. Cal. June 19, 2018) (no showing plaintiff would be prevented from litigating its case where plaintiff had "experienced attorneys and possibly experts who will be able to review and utilize the information."); <u>see also</u> <u>Intel Corp. v. VIA Techs., Inc.</u>, 198 F.R.D. 525, 529 (N.D. Cal. 2000) ("[r]equiring a party to rely on its competent outside counsel does not create an 'undue and unnecessary burden.'") (citation omitted).

Defendant further argues that as the former CEO of EpicentRx, Inc., he would have already had access to any confidential documents in this case, and precluding him from

6

access now would be "illogical and highly prejudicial." ECF No. 46 at 6. The Stipulated Protective Order however allows AEO designated materials to be shared with the "authors and recipients of the Confidential Material." Ex. A at 11. Under these terms, Defendant would be allowed to view materials that he either authored or received during his tenure as CEO. The Court finds this carve out reasonable given Defendant's concerns—and Defendant has provided no authority for the much broader assertion that he is automatically entitled access to any information he **could** have accessed during his tenure as EpicentRx's CEO.

Finally, Defendant requests that Plaintiff establish "why Dr. Carter should be precluded from seeing" any documents designated AEO before the documents are so designated. ECF No. 46 at 6. This request is unnecessary. The Stipulated Protective Order includes a provision allowing Defendant to challenge an AEO designation if Defendant's counsel believes such materials were improperly designated or that the designation would unfairly prevent from Defendant from litigating his case. Ex. A at 8. The provision further provides that the burden of persuasion to justify the designation would be on Plaintiff as the designating party. Id. at 8.

On balance, the Court finds Defendant's concerns are adequately addressed by the Stipulated Protective Order and reasonably balanced against Plaintiff's interests in safe-guarding its trade secrets and other sensitive information in this case. The Court cautions Plaintiff however that the Court expects the AEO designation to be used **sparingly** and only when **absolutely necessary** to protect only that matter which is genuinely extremely sensitive such that the disclosure could subject Plaintiff to harm that **could not be avoided absent this designation** (consistent with the terms set forth in the Stipulated Protective Order). See Ex. A at 3.

## II.   **Additional Modifications**

Per the undersigned Magistrate Judge's Civil Chamber Rules, the Court further modifies the Parties' Stipulated Protective Order as follows:

- Paragraph 6.1 should be modified to read as follows: "Any Party or Non-Party

may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and the Chamber Rules of the applicable Judge."

- Paragraph 12.3 should be modified to read as follows: "Filing Under Seal. No document shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceedings will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civil Local Rule 79.2, Section 2.j of the Electronic Case Filing Administrative Policies and Procedures, and the chambers rules, with respect to filing documents under seal. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or otherwise subject to protection under the law. The request must be narrowly tailored to seek sealing only of sensitive personal or confidential information. An unredacted version of the document, identifying the portions subject to the motion to seal, must be lodged with the motion to seal. A redacted version of the document must be publicly filed simultaneously with the motion or ex parte application to file under seal."

- Paragraph 12.8 should be modified to read as follows: "The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or for public policy reasons, on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order."

## CONCLUSION

As set forth above, it is hereby **ORDERED** that the Parties' Stipulated Protective Order (Ex. A) be entered consistent with the terms set forth above.

**IT IS SO ORDERED.**

8

Dated:  September 30, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge

20cv1058-LAB-LL

# EXHIBIT A

Todd A. Boock (SBN 181933)
 *todd@bnsklaw.com*
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California  90025
Telephone:   (310) 593-9890
Facsimile:    (310) 593-9980

*Attorneys for Plaintiff/Counter-Defendant*
EPICENTRX, INC.

Guy A. Ricciardulli (SBN 116128)
 *gricciardu@aol.com*
**ATTORNEY AT LAW**
12396 World Trade Drive, Suite 202
San Diego, CA  92128
Telephone:   (858) 487-8006
Facsimile:    (858) 487-8109

*Attorneys for Defendant/Counterclaimant*
COREY A. CARTER, M.D.

Additional counsel listed on following page

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICENTRX, INC., a Delaware corporation,<br><br>             Plaintiff,<br>      v.<br><br>COREY A. CARTER, M.D.,<br><br>             Defendant. | Case No. 3:20-cv-01058-LAB-LL<br><br>Hon. Larry Alan Burns<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  June 9, 2020 |

COREY A. CARTER, MD, an
individual,

       Counterclaimant

v.

EPICENTRX, INC., a Delaware
corporation,
         Counter-Defendant.

---

James A. Lassart (SBN 40913)
 *jlassart@mpbf.com*
Adrian G. Driscoll (SBN 95468)
 *adriscoll@mpbf.com*
**MURPHY, PEARSON, BRADLEY
& FEENEY, P.C.**
580 California Street, Suite 1100
San Francisco, California 94104
Tel.:  (415) 788-1900
Fax.:  (415) 393-8087

*Attorneys for Plaintiff/Counter-Defendant*
EPICENTRX, INC.

Donald R. McKillop (SBN 131685)
 *don@mckilloplaw.com*
**LAW OFFICES OF DONALD R.
MCKILLOP**
12396 World Trade Drive, Suite 202
San Diego, CA  92128
Telephone:  (858) 487-8118
Facsimile:  (858) 487-8109

*Attorneys for Defendant/Counterclaimant*
COREY A. CARTER, M.D.

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

## 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; the parties must follow the applicable local rules, including the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### A.    GOOD CAUSE STATEMENT

This action involves alleged trade secrets, confidential information, clinical patient data and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public

disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   **<u>DEFINITIONS</u>**

2.1   <u>Action</u>:  *EpicentRx, Inc. v. Corey A. Carter, M.D., et al.*, Case No. 3:20-cv-01058-LAB-LL.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including, but not limited to, information contained or disclosed in any materials, including documents, portions of documents, answers to

interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL" Information or Items:  information or items (regardless of how generated, stored or maintained) or tangible things that contain or reflect sensitive Confidential Information that the designating party contends are trade secrets and/or commercially sensitive, the disclosure of which could cause harm that could not be avoided absent such designation.

2.9     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**4.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.  Final disposition shall be deemed

to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

        5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

1      Designation in conformity with this Order requires:

2           (a)    <u>for information in documentary form</u> (e.g., paper or electronic

3 documents, but excluding transcripts of depositions or other pretrial or trial

4 proceedings), that the Producing Party affix at a minimum, the legend

5 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6 ONLY" to each page that contains protected material.  If only a portion or portions

7 of the material on a page qualifies for protection, the Producing Party also must

8 clearly identify the protected portion(s) (e.g., by making appropriate markings in the

9 margins) and must specify, for each portion, the level of protection asserted.

10      A Party or Non-Party that makes original documents available for inspection

11 need not designate them for protection until after the inspecting Party has indicated

12 which documents it would like copied and produced.  During the inspection and

13 before the designation, all of the material made available for inspection shall be

14 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

15 inspecting Party has identified the documents it wants copied and produced, the

16 Producing Party must determine which documents, or portions thereof, qualify for

17 protection under this Order.  Then, before producing the specified documents, the

18 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

19 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

20 contains Protected Material.

21           (b)    <u>for testimony given in a deposition or in other pretrial or trial</u>

22 <u>proceedings</u>, that the Designating Party identify on the record, before the close of

23 the deposition, hearing, or other proceeding, whenever possible, all protected

24 testimony and specify the level of protection being asserted.

25           (1)    However, a party may designate portions of depositions as

26 containing Protected Material after transcription of the proceedings.  A Designating

27 Party will have until fourteen (14) days after receipt of the deposition transcript to

28 inform the other party or parties to the action of the portions of the transcript to be

---

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(2)     The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.

(3)     The Designating Party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 7.2 and 7.3 below.

(4)     The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

(c)     <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer.</u>  The Challenging Party objecting to confidentiality must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the Challenging Party may move the Court for a ruling on the objection.  The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the materials in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)     any other person with the prior written consent of the Designating Party or by Order of this Court.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  A higher level of protection shall be provided for trade secrets and highly sensitive research, development or commercial documents, testimony, information, or other materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, access to material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be restricted to the following individuals:

(a)     Outside Counsel of Record for the Parties as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information to assist such attorneys in connection with the Action;

(b)     Experts (as defined in this Order) used by Outside Counsel of Record for the Parties (1) to whom disclosure is reasonably necessary for this

Action; and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c)    court reporters and their staff;

        (d)    the Court and its personnel;

        (e)    professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (f)    authors and recipients of the Confidential Material;

        (g)    a fact deposition witness or a trial witness that meets the limitations of Section (f) above; any 30(b)(6) deposition witness presented by the Designating Party; any trial witness, provided that the Designated Material marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" has been or will be offered into evidence, by stipulation of the Designating Party or by ruling by the Court; attorneys for those witnesses; and if disclosure is reasonably necessary, provided: (1) the deposing and/or examining party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

        (h)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

        (i)    any other person with the prior written consent of the Designating Party or by Order of this Court.

**8.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court Order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.**     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.     MISCELLANEOUS**

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, including, but not limited to, the attorney-client privilege and work product doctrine, not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.   Filing Protected Material In Court.  Before any Protected Material, including, but not limited to, materials produced in discovery, answers to

interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORENYS EYES ONLY are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  The filing party must comply with this Court's Local Rules and the Federal Rules of Civil Procedure for that purpose.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the Court.

12.4   The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

12.5   The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

12.6   Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

12.7   This Order may be modified by agreement of the parties, subject to approval by the Court.

12.8   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to

entry of such an order.

**13.     <u>FINAL DISPOSITION</u>**

After the final disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///

///

///

///

///

///

///

///

**14.   <u>VIOLATION</u>**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

I, Todd A. Boock, am the ECF user whose user ID and password authorized the filing of this document.  Pursuant to this Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the Southern District of California, I attest that all signatories to this document have concurred and authorized this filing.

Dated:  September 21, 2020                   Respectfully submitted,


                                             _____/s/ Todd A. Boock_____
                                             Todd A. Boock (SBN 181933)
                                             *todd@bnsklaw.com*
                                             **BROWN, NERI, SMITH & KHAN LLP**
                                             11601 Wilshire Boulevard, Suite 2080
                                             Los Angeles, California 90025

                                             James A. Lassart (SBN 40913)
                                             *jlassart@mpbf.com*
                                             Adrian G. Driscoll (SBN 95468)
                                             *adriscoll@mpbf.com*
                                             **MURPHY,   PEARSON,   BRADLEY   &   FEENEY, P.C.**
                                             580 California Street, Suite 1100
                                             San Francisco, California 94104

                                             *Attorneys for Plaintiff/Counter-Defendant*
                                             EPICENTRX, INC.

                                             _____/s/ Guy A. Ricciardulli_____
                                             Guy A. Ricciardulli (SBN 116128)

---

[PROPOSED] STIPULATED PROTECTIVE ORDER

17

*gricciardu@aol.com*
**ATTORNEY AT LAW**
12396 World Trade Center Drive, Suite 202
San Diego, California  92128

Donald R. McKillop (SBN 131685)
*don@mckilloplaw.com*
**LAW OFFICES OF DONALD R. MCKILLOP**
12396 World Trade Center Drive, Suite 202
San Diego, California  92128

*Attorneys for Defendant/Counter-Claimant*
COREY A. CARTER, M.D.

SO ORDERED.

Dated: _____          _____

                                        Hon. Linda Lopez

---

[PROPOSED] STIPULATED PROTECTIVE ORDER

18

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the case of *EpicentRx, Inc. v. Corey A. Carter, M.D., et al.*, Case No. 3:20-cv-01058-LAB-LL.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system on September 21, 2020. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 21, 2020.

/s/ Todd A. Boock

Todd A. Boock

[PROPOSED] STIPULATED PROTECTIVE ORDER