UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICENTRX, INC.<br>Plaintiff,<br>v.<br>COREY A. CARTER<br>Defendant. | Case No.: 20cv1058-TWR (LL)<br>**ORDER ON MOTIONS TO STRIKE OR SEAL**<br>**[DOCKET NUMBERS 7, 27, 34, 41, 62, 67, and 74.]** |

Plaintiff EpicentRx, Inc. filed its complaint, raising ten claims. The claims arise from Defendant Dr. Corey Carter's employment with EpicentRx, and his alleged misappropriation of its trade secrets. After filing its complaint, EpicentRx brought a motion for a temporary restraining order. The Court denied the restraining order but treated the motion as seeking a preliminary injunction. Carter also filed a motion to strike a portion of the complaint.

The parties then filed a series of motions and related documents that can fairly be described as excessive. In particular EpicentRx's motion to disqualify opposing counsel has been briefed in piecemeal fashion, with multiple related *ex parte* motions related to it. The Court eventually ordered the parties to stop filing briefing on most issues, until it could decide a motion for disqualification of counsel.

(Docket no. 48.) The Court permitted the parties to continue briefing pending motions, however, and the parties filed even more motions. Eventually the Court suspended briefing on the pending motions altogether. (Docket no. 76.)

This case was selected for transfer to the newly-appointed District Judge Todd Robinson. The undersigned judge transferred the case to Judge Robinson, but retained jurisdiction over motions pending as of October 14, 2020. The motions, most of which are related, are as follows:

1. Carter's Motion to Strike (Docket no. 7);
2. EpicentRx's Motion for Preliminary Injunction (Docket no. 16);
3. EpicentRx's *Ex Parte* Motion for Leave to File a Reply Brief in Support of the Motion for Preliminary Injunction (Docket no. 25);
4. EpicentRx's *Ex Parte* Motion to Seal a Previously-filed Document (Docket no. 27);
5. EpicentRx's *Ex Parte* Motion to Strike EpicentRx's Own Objection (Docket no. 34);
6. EpicentRx's Motion to Disqualify Defendant's Counsel (Docket no. 40);
7. EpicentRx's *Ex Parte* Motion to File Documents Under Seal (Docket no. 41);
8. EpicentRx's Motion to Dismiss Carter's Counterclaim (Docket no. 44); and
9. EpicentRx's Motion for Leave to Supplement the Motion to Disqualify Counsel (Docket no. 55).

Following transfer, several other motions relating to the pending motions were also filed. These are:

10. EpicentRx's *Ex Parte* Motion to Seal a Previously Filed Document (Docket no. 62);
11. EpicentRx's *Ex Parte* Motion for Leave to File Excess Pages in its Reply to Carter's Opposition to the Motion to Disqualify Counsel (Docket no. 65);

12. EpicentRx's Amended *Ex Parte* Motion for Leave to File Excess Pages (Docket no. 66);

13. EpicentRx's *Ex Parte* Motion for Leave to File Documents Under Seal (Docket no. 67);

14. EpicentRx's Amended *Ex Parte* Motion to Seal a Previously Filed Document (Docket no. 74); and

15. EpicentRx's *Ex Parte* Motion for Rulings on the Previously-Filed Motions, and to Lift the Suspension on Briefing (Docket no. 82).

Other motions were also pending before transfer, but the Court has ruled on them. Other pending motions are all new matters assigned to Judge Robinson. The listed motions are the only ones which remain pending and over which the undersigned Judge has retained jurisdiction.

In view of the number of motions and the volume of briefing on those motions, this Order necessarily addresses the issues summarily, rather than discussing them at length. The Court has, however, considered the parties' arguments and the relevant legal standards.

This order addresses only motions to strike and motions to seal. Three other substantial motions (Docket nos. 16, 40, and 44) remain to be ruled on, along with procedural motions relating to them. These will be addressed in separate orders.

**EpicentRx's Motion to Strike Its Own Filing (Docket no. 34)**

EpicentRx filed an objection to a document filed by Carter. (Docket no. 32.) That same day it filed a notice of withdrawal, followed by an *ex parte* motion to strike its own objection. (Docket no. 34.) It has since filed a redacted objection. The unopposed motion to strike is **GRANTED**, and the Clerk is directed to remove the withdrawn objection (Docket no. 32) from the docket.

**Carter's Motion to Strike (Docket no. 7)**

Carter asks the Court to strike paragraph 30 and Exhibit A of the Complaint, as irrelevant, impertinent, and scandalous under Fed. R. Civ. P. 12(f). The Court's

exercise of its authority to strike material from a complaint is discretionary. *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). The function of a motion to strike is to avoid the expenditure of time and money involved in litigating spurious issues; it is not the proper vehicle to seek resolution of substantial disputed factual or legal issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Paragraph 30 alleges that Carter was a Physician Officer and oncologist in the Navy from 1999 through 2018, but that he "ignominiously left the military under a cloud of suspicion and accusations" pertaining to misuse of drugs, unprofessional conduct, and conflicts of interest. The complaint alleges that the allegations "are entirely consistent with Dr. Carter's performance at EpicentRx" and that they would not have hired him had they known this. Exhibit A is a copy of a document that Carter submitted in his defense. Carter argues that the accusations were unfounded and arose out of an acrimonious divorce. Whether the allegations are true is not properly decided in a motion to strike.

The allegations are at least somewhat related to EpicentRx's claims of Carter's malfeasance. While they do not form part of EpicentRx's claim, they render it somewhat more plausible. If, as EpicentRx alleges, the claims — or at least some of them — were well-founded, it is somewhat more plausible that he might have engaged in the wrongful conduct they accuse him of. The Court is not deciding whether he did, of course, but merely whether EpicentRx is allowed to make such an allegation.

While the accusations are negative, they do not in the Court's judgment arise to the level of being scandalous. Paragraph 30 is fairly general, and not overly provocative. Most of the specifics are found in Exhibit A, which gives Carter's response to the accusations. Taken together, the allegations and exhibit show that Carter denied and attempted to rebut the accusations, but that EpicentRx believes that at least some of them are true. While a number of the accusations have little

to do with this case, some of them — if true — would shed light on Carter's professionalism and possible motive. For example, some of the accusations involve alleged conflicts of interest, in the form of dealings with outside companies (including EpicentRx). Carter's response also says that the investigation would make it difficult for him to find post-service employment, which tends to support EpicentRx's contention that the accusations are germane to his employment.

The Court concludes that the challenged portions of the Complaint do not fall within the rationale of Fed. R. Civ. P. 12(f). Accordingly, the motion to strike is **DENIED**.

**Motions to Seal**

**Legal Standards for Sealing**

Two different standards govern whether documents may be filed under seal, depending on whether the motion they are filed in support of is dispositive or non-dispositive. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The analysis starts with the "strong presumption" favoring public access to court records. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In general, a party seeking to seal a judicial record bears the burden of overcoming this presumption by meeting the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1178. This standard is met where the Court finds compelling reasons and articulates the factual basis for its rulings. *Id*. at 1179. Assuming that hurdle is surmounted, the Court then balances the public's interest against the party's private interest. *Id*. Even if documents are confidential or subject to a privilege, sealing is not automatic; compelling reasons must still be shown. *Estate of Nunez by and through Nunez v. Cnty. of San Diego*, 386 F. Supp. 3d 1334, 1337 (S.D. Cal., 2019). *See also Kamakana*, 447 F.3d at 1179 (holding that "compelling reasons" must still be shown even if documents are subject to a protective order, or were previously sealed).

/ / /

The Ninth Circuit recognizes an exception to this general rule for materials attached to motions unrelated to the merits of the case. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213–14 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135. In such an instance, the "good cause" standard applies. *Id.* This standard is based on Fed. R. Civ. P. 26(c)'s provision authorizing courts to fashion appropriate protective orders. *Phillips*, 307 F.3d at 1213.

Some of the documents for which sealing are requested are offered in connection with a motion for preliminary injunction, or a motion to strike the counterclaim. Because a motion for preliminary injunction is related to merits of the case, the higher "compelling reasons" standard applies. *See generally Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) (holding that district court should apply "compelling reasons" standard before sealing documents offered in support of motion for preliminary injunction). Courts in this circuit apply the "compelling reasons" standard for motions to seal a complaint, because the complaint is the foundation of the lawsuit. *See In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal., Sept. 25, 2013) (collecting cases). The rationale applies equally to counterclaims. In light of the underlying presumption in favor of access, the Court concludes that the "compelling reasons" test should apply to statements in the counterclaim.

Other documents are offered in connection with EpicentRx's motion to disqualify counsel. A motion to disqualify is generally treated as nondispositive, and the "good cause" standard is applied. *See WhatsApp Inc. v. NSO Group Technologies Ltd.*, 2020 WL 7133773, slip op. at *9 (N.D. Cal., June 16, 2020) (treating motion to disqualify as "only tangentially related to the merits of the case" and applying the "good cause" standard); *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 105793, at *1–2 (D. Nev., Jan 7, 2015) (applying "good cause" standard to motion to seal documents in support of motion to disqualify counsel).

/ / /

One point that the briefing occasionally loses sight of is the fact that sealing is not the same as striking or disregarding a document. While sealed documents are removed from public view, the Court still gives them due consideration when making its rulings.

**First Motion to Seal Previously-Filed Documents (Docket no. 27)**

EpicentRx asks the Court to seal information in Carter's counterclaim, and documents attached to his opposition to the motion for preliminary injunction. (Docket no. 27.) The "compelling reasons" standard applies to these.

EpicentRx argues that the information it seeks to have sealed was either privileged, or subject to confidentiality agreements. Privilege applies, it argues, because Carter was acting as an agent for EpicentRx at the time he participated in communications with EpicentRx's counsel.

The two paragraphs of Carter's counterclaim do not appear to contain privileged material — or, if there is something privileged, there does not appear to be a compelling reason to seal it. Paragraph 25 merely says EpicentRx's counsel told Carter that an emergency board meeting would be postponed because of calendar conflicts, even though the matters involved were serious. Paragraph 27 alleges what Carter believes took place at a different board meeting where board members with their attorney's assistance developed a strategy to terminate Carter. Carter, in his opposition, argues that he is alleging what he believes took place there, and the counterclaim itself makes clear he was not present.

The documents offered in support of Carter's opposition to the motion for preliminary injunction likewise do not appear to contain privileged material. Even assuming it is privileged, there does not appear to be a compelling reason to seal any of it. The first two documents are Carter's declaration (Docket no. 23-2), which is similar to his counterclaim, and a series of emails from Carter to board members calling for a board meeting to address alleged misconduct (Docket no. 23-4).

/ / /

While Docket no. 23-11 includes communications between Carter and EpicentRx's general counsel Sarah Hibberd, the two are discussing proposals for installing an alarm to restrict access to the company's laboratory.

Docket no. 23-14 is an email from Carter to Aronsky, with EpicentRx's counsel cc'd. The email recounts Carter's own position on whether Aronsky could properly cancel the board meeting, and accuses Aronsky of acting inappropriately to cover up his own wrongdoing. Even assuming that cc'ing counsel on the email creates a privilege, the content is essentially the same as other non-privileged materials. It is clear Carter's position, even apart from this email, was that Aronsky had been committing malfeasance, that a board meeting should be held to address it, and that Aronsky should not have been permitted to cancel the board meeting.

Docket no. 23-15 is an email from Carter to board members announcing his intent to hold the board meeting as originally scheduled. This email chain includes the previous email. (Docket no. 23-14.)

Docket no. 23-16 is an email from EpicentRx's counsel Stephen Davis, saying there had been no attempt to cover up misconduct, and that Davis did not know until a few minutes before sending the email of certain facts suggesting malfeasance. Of all documents the motion addresses, this comes closest to being a privileged document. Nevertheless, it is unclear what compelling reasons would require its sealing, particularly because Carter's allegations raise similar points.

Docket nos. 23-17 and 23-18 are both long email chains discussing business matters. These are different in character from the other documents EpicentRx seeks to have sealed. Some sections of the emails include contract negotiations and discussions among attorneys about the drafting of agreements and similar legal matters. A good portion of these documents include what appear to be confidential details of how EpicentRx does business. While some of this information may have leaked out as soon as Carter filed it, it is part of a large filing and thus has probably not been noticed. The proprietary information, if known by

competitors, could be used to EpicentRx's detriment. The release of trade secrets is a compelling reason sufficient to outweigh the right of public access. *Kamakana*, 447 F.3d at 1179. Because the privileged and proprietary information can be redacted, it is unnecessary to seal both documents in their entirety. *See id.* at 1183 (noting that redactions are preferable to outright sealing). The Court therefore finds that the "compelling reasons" standard is met as to the proprietary or privileged portions of documents 23-17 and 23-17, and that redacted versions of these documents should replace the unredacted versions currently in the docket.

**Second Motion to Seal a Previously Filed Documents (Docket no. 62)**

These documents were filed in support of Carter's opposition to EpicentRx's motion to disqualify counsel. The "good cause" standard applies to this and the remaining motions to seal. EpicentRx seeks to seal certain deposition testimony by attorney Sarah Hibbard pertaining to communications between her and defense counsel at a time when defense counsel was retained to represent EpicentRx in a different matter. It also seeks to seal product development information that is subject to a separate confidentiality agreement.

EpicentRx's counsel objected during Hibbard's testimony, though she was permitted to answer. The highlighted portions of her testimony appear to be privileged. The proprietary information also appears to have been designated as confidential, and is the type of material that could damage EpicentRx's interests if made available to its competitors. Carter's opposition appears to focus on whether the information is germane to the motion, though this issue does not seem to be contested. The question is not whether it is relevant or should be considered, but whether it should be sealed. The Court finds good cause to seal the designated information, and the motion is **GRANTED**.

**Third Motion to Seal a Previously Filed Documents (Docket no. 74)**

Although this is styled as an amended motion, it supplements the previous motion (Docket no. 62), rather than replacing it. EpicentRx seeks to redact from

the record the amount of debt MultiVir owed EpicentRx, which is mentioned in Carter's opposition to the motion to disqualify counsel. It argues that Carter in spite of being contractually obligated to keep this information confidential, included the information in his public filing. The motion shows that the information is confidential, and appears only tangentially related to the motion to disqualify. Additionally, the redactions are narrow.

For the same reasons as discussed previously, the Court finds good cause for sealing the information, and the motion is **GRANTED**.

**Motions to File Portions of Documents Under Seal**

**Motion to Seal Portions of Motion to Disqualify (Docket no. 41)**

EpicentRx filed a redacted version of its motion to disqualify counsel (Docket no. 40), and seeks authorization for the redaction. The portions to be redacted concern the retainer agreement or are privileged communications, and are very limited in scope.

For the same reasons as discussed previously, the Court finds good cause for sealing the redacted portions, and the motion is **GRANTED**.

**Motion to File Exhibits Under Seal (Docket no. 67)**

EpicentRx filed this motion, seeking leave to file 21 different documents or parts of documents. Almost all are exhibits offered in support of the motion to disqualify counsel. One is a portion of EpicentRx's reply to Carter's opposition to the motion to disqualify. The motion also seeks to seal portions of the Stirn Declaration in support of the motion, and also one line of EpicentRx's response to Carter's objection and request to strike the Stirn Declaration.

Several of the documents are covered by confidentiality agreements, and the remainder are all privileged communications among counsel. For the reasons

/ / /

/ / /

/ / /

discussed previously, the Court finds good cause to seal these materials, and the motion is **GRANTED**.

**IT IS SO ORDERED**.

Dated: March 30, 2021

Honorable Larry Alan Burns
United States District Judge