UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICENTRX, INC., a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>COREY A. CARTER, M.D.,<br><br>    Defendant/Counter-Claimant. | Case No.: 20-CV-1058 TWR (LL)<br><br>**ORDER (1) DENYING AS MOOT PLAINTIFF'S APPLICATIONS TO FILE EXTRA PAGES AND FOR RULINGS ON PENDING MOTIONS, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SEALING APPLICATIONS, AND (3) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**<br><br>(ECF Nos. 65, 66, 81, 82, 95) |

Presently before the Court are Plaintiff and Counter-Defendant EpicentRx's (1) Application for Page Limit Extension on Reply Brief in Support of Motion to Disqualify Attorneys Guy A. Ricciardulli and Donald R. McKillop and Their Law Firms (ECF No. 65); (2) Amended Application for Page Limit Extension on Reply Brief in Support of Motion to Disqualify Attorneys Guy A. Ricciardulli and Donald R. McKillop and Their Law Firms (ECF No. 66) (together with ECF No. 65, the "Apps. to File Extra Pages"); (3) *Ex Parte* Application to File Under Seal Certain Portions of Plaintiff's Amended and Renewed Application for a Temporary Restraining Order Based on Newly Discovered Facts (ECF No. 81 ("1st Sealing App.")); (4) Application for Rulings on

Pending Motions and Lifting of Suspension on Briefing and Hearings (ECF No. 82 ("App. for Rulings on Pending Mots.")); and (5) Application to File Under Seal (1) Previously Filed Documents Docket Nos. 23-3, 23-4, 23-11, 23-14–18, 92-13, 92-15, 92-22, and 92-24–28; (2) Exhibit J in Support of EpicentRx's Reply in Support of TRO; and Request for Sanctions in the Amount of $3,675 (ECF No. 95 ("2d Sealing App.")) (together with ECF No. 81, the "Sealing Apps."). In light of Judge Burns' April 1, 2021 Order Granting in Part Motion for Preliminary Injunction and Ex Parte Motion for Leave to File Reply Brief, (*see* ECF No. 104 (the "Apr. 1 Order")), and September 29, 2021 Order Denying Motion to Disqualify Attorneys and Granting Application for Leave to File Supplemental Submission, (*see* ECF No. 109 (the "Sept. 29 Order")), which directed Plaintiff's counsel to call chambers to obtain a hearing date on Plaintiff's pending Motion to Dismiss Amended Counterclaim of Corey A. Carter, M.D. (ECF No. 44), (*see* Sept. 29 Order at 11), the Court **DENIES AS MOOT** Plaintiff's Applications to File Extra Pages and for Rulings on Pending Motions.

As for the Sealing Applications, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). Where the underlying motion is more than tangentially related to the merits of the case, the stringent "compelling reasons" standard applies. *Id.* at 1096–98. Where the underlying motion does not surpass the tangential relevance threshold, the less exacting "good cause" standard applies. *Id.*

Here, the documents Plaintiff seeks to file under seal were filed with regard to their Amended and Renewed *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction Based on Newly Discovered Facts (ECF No. 80). (*See generally* Seal Apps.)  As Judge Burns previously explained, (*see* Apr. 1 Order at 6 (citing *Ctr. for Auto Safety*, 809 F.3d 1092)), the higher "compelling reasons" standard therefore applies to the Sealing Applications.

Through the First Sealing Application, Plaintiff seeks to file under seal the following documents and Exhibits or portions thereof:

- The Application, Notice, 3:18–20; Memorandum, 11:23–12:1, 12:4–14, 12:21–23, 12:26–28, 14:13–18, 14:26–15:3, 15:10–14, 15:16–18, 17:1–17, 27:16–28, 28:3, 28:8–12, 28:28–29:5, 29:8–11, 32:21–26, 34:3–6;

- Declaration of Scott Caroen, 8:11–12, 8:16–18, 8:26–27, 9:1–2, 9:4–11, 9:17–24; Exhibits D, E, F; and

- Declaration of Bryan Oronsky, M.D., 2:25, 5:14–20, 6:7–11, 6:14–22, 6:24–7:13, 7:23–8:11, 8:22–25, 8:27–9:2, 11:18–12:4, 12:6–12, 12:22–27, 13:3–6.

(*See* 1st Sealing App. at 3.)  A number of the redactions Plaintiff proposes relate to publicly filed articles or concern discussions or internal communications too vague to disclose "confidential, proprietary, or trade secret information." (*See id.*)  The Court therefore **DENIES IN PART** the First Sealing Application as to page 3 lines 18 through 20 of the Notice, (*see* ECF No. 80 at 3); page 3 lines 18 through 20,[1] page 12 lines 4 through 14, page 12 lines 21 through 23, page 12 lines 26–28, page 14 lines 13 through 18, page 14 line 26 through page 15 line 3, page 15 lines 10 through 14, page 15 lines 16 through 18, page 17 lines 1 through 17, page 28 line 28 through page 29 line 5, page 29 lines 8 through 11, page 32 lines 21 through 26, and page 34 lines 3 through 6 of the Memorandum (*see*

---

[1] Although the First Sealing Application requests leave to file under seal page 3 lines 18 through 20 of the Notice, the public redacted version filed on the record instead redacts page 3 lines 18 through 20 of the Memorandum. (*Compare* ECF No. 80 at 3, *with id.* at 18.)

ECF No. 80 at 18, 27, 29–30, 32, 43–44, 47, 49); page 8 lines 11 through 12, page 8 lines 16 through 18, page 8 lines 26 through 27, page 9 lines 1 through 2, page 9 lines 4 through 11, and page 9 lines 17 through 24 of the Caroen Declaration (ECF No. 80-1 at 8–9); and page 2 line 25, page 5 lines 14 through 20, page 6 lines 16 through 19, page 6 line 24 through page 7 line 13, page 7 line 23 through page 8 line 11, page 8 lines 22 through 25, page 8 line 27 through page 9 line 2, page 12 lines 22 through 27, and page 13 lines 3 through 6 of the Oronsky Declaration (ECF No. 80-2 at 2, 5–8, 12–13).  Plaintiff has, however, met its burden as to the redacted portions of Exhibits D, E, and F to the Caroen Declaration and limited portions of the Memorandum and Oronsky Declaration that provide further detail about Plaintiff's protected business information.  Accordingly, the Court **GRANTS IN PART** the First Sealing Application as to page 11 line 23 through page 12 line 1, page 27 lines 16 through 28, page 28 line 3, and page 28 lines 8 through 12 of the Memorandum (ECF No. 80 at 26–27, 42–43); the redacted portions of Exhibits D, E, and F to the Caroen Declaration (ECF No. 80-2 at 24–26, 28–29, 32–33); and page 6 lines 7 through 11, page 6 lines 19 through 22, page 11 line 18 through page 12 line 4, page 12 lines 6 through 12 of the Oronsky Declaration (ECF No. 80-2 at 6, 11–12).  The Clerk of Court **SHALL FILE UNDER SEAL** ECF Nos. 83, 83-1, and 83-2.  Within fourteen (14) days of the electronic docketing of this Order, Plaintiff **SHALL PUBLICLY FILE** redacted versions of their Memorandum and Caroen and Oronsky Declarations in conformance with this Order.

As for the Second Sealing Application, Plaintiff seeks to file under seal ECF Nos. 92-13, 92-15, 92-22, and 92-24–28, which were previously lodged under seal as ECF Nos. 23-2, 23-4, 23-11, and 23-14–18, as well as Exhibit J to the Declaration of Scott Caroen in support of Plaintiff's Reply (ECF No. 94-2, lodged under seal at ECF No. 96).  (*See* 2d Sealing App. at 2.)  Plaintiff also requests that the Court sanction Defendant pursuant to its inherent authority in the amount of $3,675, the approximate cost of preparing the Second Sealing Application, because Defendant publicly filed—for the second time and in bad faith—certain documents that Plaintiff maintained were confidential.  (*See id.* at 1.)

Exhibit J to the Caroen Declaration is an email from one of Plaintiff's collaborators expressing concern regarding Defendant's alleged conduct. (*See generally* ECF No. 96.) Plaintiff and its collaborator are parties to a confidentiality agreement, and Plaintiff seeks to file Exhibit J under seal "to honor this contractual duty of confidentiality." (*See* 2d Sealing App. at 5.) Because the public dissemination of Exhibit J could harm Plaintiff's business relationship with its collaborator, the Court concludes that Plaintiff has identified sufficiently compelling reasons to file that document under seal. *See, e.g.*, *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that the parties established compelling reasons to file under seal information subject to confidentiality agreements). As for the remainder of Plaintiff's request, applying the compelling reasons standard, Judge Burns already has determined that Plaintiff met its burden to file under seal ECF Nos. 23-17 and 23-18, but failed to meet its burden as to ECF Nos. 23-2, 23-4, 23-11, and 23-14–16. (*See* Apr. 1 Order at 7–9.) Accordingly, the Court **GRANTS IN PART** the Second Sealing Application as to Exhibit J, ECF No. 92-27, and ECF No. 92-28, but **DENIES IN PART** Plaintiff's request as to ECF Nos. 92-13, 92-15, 92-22, and 92-24–26. The Clerk of Court **SHALL FILE UNDER SEAL** Exhibit J to the Caroen Declaration (lodged at ECF No. 96) and ECF Nos. 92-27 and 92-28.

Finally, the Court addresses Plaintiff's request for sanctions. Because the undersigned and Judge Burns have determined that Plaintiff has demonstrated that compelling reasons exist to seal only a quarter of the documents Plaintiff sought to file under seal, the Court concludes that Plaintiff has not adequately demonstrated that Defendant acted in bad faith. The Court therefore **DENIES** Plaintiff's request for sanctions. Nonetheless, the Court notes that Defendant agreed to be bound by the Stipulated Protective Order entered in this action on September 30, 2020, (*see generally* ECF No. 49), including the procedure for "Filing Protected Material in Court," (*see id.* at 8 (¶ 12.3, as modified by Magistrate Judge Lopez)), and the punishment for violations of the Stipulated Protective Order. (*See id.* ¶ 14 ("Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt

1 proceedings and/or monetary sanctions.").)  The Court therefore **ADMONISHES**
2 Defendant that failure to abide by the Stipulated Protective Order and/or other Orders of
3 the Court—including this one—"may be grounds for imposition by the Court of any and
4 all sanctions authorized by statute or rule or within the inherent power of the Court,
5 including, without limitation, dismissal of any actions, entry of default, finding of
6 contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser
7 sanctions." *See* S.D. Cal. CivLR 83.1(a).

**IT IS SO ORDERED.**

Dated: October 1, 2021

_____
Honorable Todd W. Robinson
United States District Court