UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICENTRX, INC., a Delaware corporation,<br><br>         Plaintiff/Counter-Defendant,<br><br>v.<br><br>COREY A. CARTER, M.D.,<br><br>         Defendant/Counter-Claimant. | Case No.: 20-CV-1058 TWR (LL)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION OBJECTING TO MAGISTRATE JUDGE LOPEZ'S DISCOVERY ORDER**<br><br>(ECF No. 137) |

      Presently before the Court is Plaintiff and Counter-Defendant EpicentRx's *Ex Parte* Application Pursuant to F.R.C.P. Rule 72, Local Rule 7.2, and Civil Standing Order § II, to Object to Magistrate's Discovery Order Denying Protective Order [ECF 134] ("*Ex Parte* App.," ECF No. 137). Defendant and Counter-Claimant Corey A. Carter, M.D. called chambers to inform the Court that he intended to file an opposition; however, given that the underlying depositions are scheduled to begin on December 8, 2021, the Court **DENIES** Plaintiff's *Ex Parte* Application both procedurally and on the merits without the benefit of additional briefing.

      Procedurally, "opportunities for legitimate ex parte applications are extremely limited." *See Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC*, No. 2:14-CV-02116-APG, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015) (quoting *In re Intermagnetics Am.,*

1

*Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). Among other things, the moving party must establish that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, Defendant noticed the underlying depositions on November 3, 2021, (*see* ECF No. 130 ¶ 21), only after Plaintiff failed timely to offer proposed dates in November or early December 2021. (*See* ECF No. 132-1 ¶¶ 7–10.) Nonetheless, Plaintiff failed to file the underlying *Ex Parte* Application for Protective Order (the "Underlying Motion") until December 1, 2021. (*See generally* ECF No. 129.) Further, although the Honorable Linda Lopez denied Plaintiff's Underlying Motion on December 3, 2021, (*see generally* ECF No. 134 (the "Magistrate's Order")), Plaintiff did not file the instant *Ex Parte* Application until December 7, 2021, (*see generally* ECF No. 137), the day before the first of the noticed depositions. (*See* ECF No. 137-1 ¶ 3.) Although a prerequisite to seeking *ex parte* relief, Plaintiff makes no effort to explain why it is without fault for this purported "crisis" of its own making. This alone suffices to deny Plaintiff's *Ex Parte* Application.

Review on the merits does not compel a different result. Magistrate Judge Lopez's decision must "be upheld unless it is 'clearly erroneous or contrary to law.'" *See Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199 (S.D. Cal. 2003) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). Plaintiff makes no effort to address this standard, instead arguing that Magistrate Judge Lopez "focused primarily on the length of time between Defendant's request for dates and the date EpicentRx offered a deposition schedule[] but did not address the specific reasons why the witnesses and/or counsel could not appear in December." (*See Ex Parte* App. at 4.) Magistrate Judge Lopez was well within her discretion, however, to deny the Underlying Motion on that basis. Federal Rule of Civil Procedure 30(b)(1) requires that Defendant provide only "reasonable written notice" for a deposition. Nonetheless, Defendant attempted to obtain deposition dates that worked for Plaintiff's counsel and witnesses well in advance of December 2021. Rather than timely respond and discuss its reservations, however, Plaintiff forced

1  Defendant's hand.  As Magistrate Judge Lopez noted, it is Plaintiff who bears the burden
2  of establishing good cause for a protective order.  (*See* Magistrate Order at 2 (citing *Phillips*
3  *ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002);
4  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).)  Magistrate Judge Lopez
5  determined in her sound discretion that Plaintiff had failed to meet that burden, and the
6  Court declines to disturb that discretion here.

7  "In the alternative . . . , EpicentRx requests this Court modify the [Magistrate's]
8  Order to provide that the depositions of may proceed via remote means to accommodate
9  counsel's and the witnesses' valid concerns regarding health and travel so close to the
10 holidays during a pandemic."  (*See Ex Parte* App. at 8.)   Although this request is
11 reasonable, Plaintiff failed to request this relief from Magistrate Judge Lopez as to
12 Plaintiff's employees Scott Caroen, Bryan Oronsky, Meaghan Stirn, Tony Reid, and
13 Franck Brinkhaus and third party Nando Carbonel.  Accordingly, Plaintiff's request is not
14 the proper subject of a motion under Federal Rule of Civil Procedure 72(a).  The Court
15 therefore **DENIES** Plaintiff's *Ex Parte* Application.

16     **IT IS SO ORDERED.**

18 Dated: December 7, 2021

_____
Honorable Todd W. Robinson
United States District Court