UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EPICENTRX, INC.,

Plaintiff,

v.

COREY A. CARTER, M.D.,

Defendant.

Case No.: 20cv1058-JO (MSB)

**ORDER DENYING WITHOUT PREJUDICE EPICENTRX'S MOTION FOR LEAVE TO TAKE AN ADDITIONAL TWENTY DEPOSITIONS**

**[ECF No. 133]**

Currently before this Court is Plaintiff's "Motion for Leave to Take an Additional Twenty Depositions Under Fed. R. Civ. Proc. 30(a)(2)(A)(i), Pursuant to December 1, 2021 Court Order." ECF No. 133. The December 1, 2021 Court Order is this Court's Order setting the briefing schedule for multiple discovery disputes. ECF No. 128. Defendant filed a Response in Opposition. ECF No. 135. For the below reasons, the Motion is **DENIED without prejudice**.

Under the Federal Rules of Civil Procedure, "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . . if the parties have not stipulated to the deposition and . . . . the deposition would result in more than 10 depositions being taken[.]" Fed. R. Civ. P. 30(a)(2)(A)(i). Under Rule 16(b)(1), discovery is limited to "any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Additionally, Rule 26(b)(2) requires the court to limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking to exceed the presumptive limit [of ten depositions] bears the burden of making a 'particularized showing' of the need for additional depositions." Acosta v. Sw. Fuel Mgmt., Inc., No. 2:16-CV-4547-FMO (AGRx), 2017 WL 8941165, at *7 (C.D. Cal. Sept. 19, 2017) (citing Thykkuttathil v. Keese, 294 F.R.D. 597, 600 (W.D. Wash. 2013)). To make a particularized showing, the party must ordinarily exhaust their allowed number of depositions before making a request for additional depositions. See Acosta, 2017 WL 8941165, at *7. Multiple district courts have concluded that a request for leave to take more than ten depositions is premature before a party has exhausted the ten permitted under Rule 30(a)(2). See Agne v. Rain City Pizza LLC, Case No. C10-1139-JCC, 2012 WL 12882906, at *1 (W.D. Wash. Nov. 13, 2012). "If the motion is made before ten depositions are completed, the moving party must show, among other things, that there are multiple parties and that the complexity of the case warrants more than ten depositions." Mintz v. Mark Bartelstein & Assocs., Inc., No. CV 12-3055 SVW (SSx), 2012 WL 12886492, at *1 (C.D. Cal. Sept. 14, 2012). Additionally, before taking a deposition, the party must also "assess whether or not a deposition of that witness is truly necessary . . . . tak[ing] into account the standard ten deposition limit in making the

assessment. Only after that process is finished will the parties truly appreciate whether additional discovery . . . . will be absolutely necessary to justify a motion for leave under Rule 30(a)(2)(A)." Acosta, 2017 WL 8941165, at *7. To justify more than ten depositions, the court will examine the necessity of depositions already taken. Bamdad v. Gavin, No. CV 1300296-PSG (DFM), 2016 WL 11520812, at *2 (C.D. Cal. Aug. 26, 2016).

In its motion, Plaintiff primarily argues it should be allowed to depose additional witnesses because in Defendant's initial disclosures on August 24, 2020, he listed 126 witnesses, and Defendant has since refused to meaningfully narrow the list. ECF No. 133 at 2. Plaintiff contends that Defendant's "bloated witness list is an abuse of the discovery process and was not provided in good faith." Id. at 3. However, the number of witnesses identified in Defendant's initial disclosure is not, by itself, sufficient grounds to find that the additional requested depositions comport with Rules 26(b)(1) and (2). See Thykkuttathil, 294 F.R.D. at 600 (rejecting similar argument). Moreover, at the time Plaintiff filed the instant motion, it appears as if it had not yet scheduled any of its own depositions, let alone exhausted the ten depositions to which it is entitled. At this stage, Plaintiff has not made a particularized showing of the need for additional depositions. Accordingly, Plaintiff's Motion [ECF No. 133] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: January 6, 2022

Honorable Michael S. Berg
United States Magistrate Judge