UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICENTRX, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COREY A. CARTER, M.D.,<br><br>　　　　　　　　　　Defendant. | Case No.: 20cv1058-JO (MSB)<br><br>**ORDER GRANTING EPICENTRX'S EX PARTE APPLICATION TO FURTHER AMEND THE SCHEDULING ORDER**<br><br>**[ECF No. 136]** |

　　　Currently before this Court is Plaintiff's "Ex Parte Application Pursuant to Fed. R. Civ. Proc. 16(b)(4) and Civil Chambers Rule III(C) to Further Amend the Scheduling Order to Continue Discovery Cutoff Date by 90 Days." ECF No. 136. Plaintiff seeks to extend the February 25, 2022 fact discovery deadline to May 25, 2022. Id. at 3. Defendant did not file a response or objection. For the below reasons, the Ex Parte Application is **GRANTED**.

　　　"The district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). The court is required to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause'

1

standard primarily considers the diligence of the party seeking the amendment." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." <u>Id.</u> "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." <u>Id.</u> at 610 (internal quotation marks and citation omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." <u>Id.</u> Further, as this Court previously reminded counsel for both parties, Rule 29 provides that "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery." Fed. R. Civ. P. 29(b).

In support of its Ex Parte Application, Plaintiff states in a declaration by its counsel, Mr. Todd Boock, that after this Court issued its Amended Scheduling Order on October 28, 2021 [ECF No. 124] he proceeded diligently because: (1) "EpicentRx has served its own written discovery requests, including an initial set of document requests on November 14, 2021; and a second set of document requests and first sets of interrogatories and requests for admission on November 24, 2021;" (2) "[Mr. Boock's] office has a team of four attorneys reviewing the electronic database of EpicentRx's potential documents, which includes a universe of approximately 700,000 responsive documents;" (3) "[t]o date, EpicentRx has produced three sets of documents, comprising more than 36,000 documents, and including more than 111,000 Bates-stamped items;" (4) "EpicentRx expects to produce an additional set of documents this week;" (5) "[o]n December 4, 2021, [Mr. Boock] requested from defense counsel available deposition dates from defense counsel in January 2022 for Defendant and his spouse;" and (6) "[Mr. Boock's] office is also in the process of drafting subpoenas for other witness depositions to take place in January." ECF No. 136-1.
/ / /
/ / /
/ / /
/ / /

In the instant Motion, Mr. Boock also states "[n]o other dates in the Scheduling Order will be impacted by this request."[1] ECF No. 136 at 11.

Certainly, it is unfortunate that Mr. Boock apparently did not, prior to filing the instant Ex Parte Application, attempt to schedule any of his own depositions. Moreover, Mr. Boock devotes the majority of his briefing to repeating the same arguments he made in support of his earlier requests to delay discovery, many of which have to do with him personally, and have little to do with showing diligence.[2] Nonetheless, based on statements in his declaration, Mr. Boock has shown some degree of diligence in pursuing Plaintiff's claims, and he has apparently been participating in depositions by Defendant and has been reviewing and producing discovery in response to Defendant's discovery requests.[3] Also, Defendant did not object to the extension, and Defendant initially requested June 17, 2022 as the fact discovery cutoff date. Accordingly, Plaintiff's Ex Parte Application [ECF No. 136] to Amend the Scheduling Order [ECF No. 124] is **GRANTED**. All fact discovery

---

[1] Mr. Boock did not support this particular statement with a declaration. The Court will, of course, take Mr. Boock at his word as to this statement regardless of whether it is supported with a declaration.

[2] Notably, Mr. Boock repeatedly argues the extension should be granted because Carter listed 126 witnesses in his initial disclosures. ECF No. 136 at 2. Mr. Boock goes on to state that during the Early Neutral Evaluation Conference on August 31, 2020 "[t]he Court advised generally that the parties should not need to file a motion over initial disclosures and should work it out themselves. Consequently, EpicentRx was reticent to file a Motion due to the improper disclosures, and is not seeking that relief here." ECF No. 136-1 at 5-6. The suggestion that this Court is responsible for Mr. Boock's decision not to seek relief regarding Carter's initial disclosures, and that the number of witnesses should now serve as support for his request to extend a discovery deadline, is not well taken. As this Court previously noted on October 9, 2020, "[o]n August 28, 2020, Chambers held a discovery dispute telephone conference with the Parties' counsel on issues that the Parties clearly had not reached an impasse on." ECF No. 52 at 2 n.1.

[3] The Court notes that on December 20, 2021, Judge Burns dismissed all of Carter's claims, with forty-five (45) days of leave to amend some of the claims. ECF No. 157.

shall be completed by all parties on or before May 25, 2022. All other requirements remain as previously set.

**IT IS SO ORDERED.**

Dated: January 6, 2022

Honorable Michael S. Berg
United States Magistrate Judge