Todd A. Boock (SBN 181933)
todd@bnsklaw.com
Jill Ray Glennon (SBN 204506)
patricia@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California  90025
Telephone:   (310) 593-9890
Facsimile:    (310) 593-9980

James A. Lassart (SBN 040913)
JLassart@mpbf.com
Adrian G. Driscoll (SBN 095468)
ADriscoll@mbpf.com
**MURPHY, PEARSON, BRADLEY & FEENEY**
580 California Street, Suite 1100
San Francisco, California  94104-1001
Telephone:   (415) 788-1900
Facsimile:    (415) 393-8087

*Attorneys for Plaintiff/Counter-Defendant*
EPICENTRX, INC.

[Attorneys for Defendant/Counterclaimant on Next Page]

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EPICENTRX, INC., a Delaware corporation,<br><br>             Plaintiff/Counter-Defendant,<br><br>      v.<br><br>COREY A. CARTER, M.D.,<br><br>             Defendant/Counter-Claimant. | Case No. 3:20-cv-01058-JO-MSB<br><br>Hon. Jinsook Ohta<br>Magistrate:  Hon. Michael S. Berg<br>Complaint Filed:  June 9, 2020<br><br>**JOINT STIPULATED MOTION TO AMEND SCHEDULING ORDER [DOCKET NO. 136] TO CONTINUE THE DEADLINE FOR THE COMPLETION OF DEPOSITIONS OF FACT WITNESSES TO JUNE 10, 2022** |

JOINT MOTION TO AMEND SCHEDULING ORDER

1 | **Defendant/Counterclaimant Corey A. Carter, M.D.'s Attorneys**

2 | Guy A. Ricciardulli (SBN 116128)
3 | *gricciardu@aol.com*
  | **ATTORNEY AT LAW**
4 | 12396 World Trade Drive, Suite 202
5 | San Diego, CA 92128
  | Telephone: (858) 487-8006
6 | Facsimile: (858) 487-8109

7 |
  | Donald R. McKillop (SBN 131685)
8 | *don@mckilloplaw.com*
  | **LAW OFFICES OF DONALD R. MCKILLOP**
9 | 12396 World Trade Drive, Suite 202
10 | San Diego, CA 92128
  | Telephone: (858) 487-8118
11 | Facsimile: (858) 487-8109

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff and Counter-Defendant EpicentRx, Inc. ("EpicentRx" or "Plaintiff") and Defendant and Counter-Claimant Corey A. Carter, M.D. ("Dr. Carter" or "Defendant") (collectively, the "Parties") hereby jointly move to amend the Scheduling Order issued by this Court on January 6, 2022 (Docket No. "[Dkt.]" 166) in order to continue the deadline to complete depositions of fact witnesses by two weeks to June 10, 2022. For all other fact discovery, the deadline of May 25, 2022 would remain in effect. All other requirements in the Scheduling Order to remain as previously set.

## I. INTRODUCTION AND SUMMARY OF ISSUES

The Parties have been working diligently to complete all fact discovery by the May 25, 2022 deadline established by this Court's amendment to the Scheduling Order dated January 6, 2022. [ECF Nos. 124 and 166]. The parties have collectively notified their intention to take, noticed or have taken 20 fact witness depositions (ten each) in various locations across the country, including San Diego, Los Angeles, San Francisco, North Carolina and Florida. Declaration of Todd A. Boock ("Boock Decl.") ¶¶ 2 and 7. Six witnesses were deposed in seven sessions over eight days in December, 2021. *Id*. ¶2. Since January 6, 2022, the Parties have conferred regularly regarding the schedule for the remaining 14 depositions and the completion of written fact discovery. *Id*. To date, the Parties have conducted depositions of 11 individual witnesses and 7 sessions of 4 separate 30(b)(6) witnesses. *Id*. One of the 30(b)(6) witnesses has a health issue that does not permit her to testify for more than a few hours at a time, so multiple sessions of her individual and 30(b)(6) depositions have been scheduled. *Id*.

After an early dispute, the Parties cooperated with each other in order to schedule all of these depositions around trials set in other matters, planned vacations and other preset obligations of counsel that could not be moved. *Id*. ¶ 3. Most of the witnesses noticed by Dr. Carter are EpicentRx officers, directors or employees,

which not only required scheduling dates for the depositions, but also required EpicentRx to schedule time with its witnesses to prepare. *Id*. On March 3, 2022, Dr. Carter served his Rule 30(b)(6) deposition notice listing 39 categories of inquiry. *Id*. ¶ 4. To cover the full expanse of the categories set forth in the notice, EpicentRx designated four individuals to testify on its behalf, adding significantly to the number of dates that EpicentRx was required to reserve for preparation and deposition before the fact discovery cut-off. *Id*.

Both parties have additional depositions noticed, notified and/or scheduled, but due to other cases, personal obligations and the schedules of the witnesses and counsel, they are having difficulty completing them prior to the cutoff of May 25, 2022.

For example, EpicentRx and its counsel have another trial scheduled in the Court of Chancery for the State of Delaware for May 24, 2022, in the matter, *EpicentRx, Inc. v. Prothex, Inc. fka Drais Pharmaceuticals, Inc.*, Case No. 2021-0724-PAF. EpicentRx's counsel in the current matter is trying the Delaware case, and its primary witness in the Delaware matter is one of the 30(b)(6) witnesses whose deposition has not been completed here. Although the Delaware matter is a remote Court trial, counsel and EpicentRx still need to prepare for the case and conduct the trial the day prior to the discovery cutoff here. *Id*.

EpicentRx and its counsel have another matter that posed a conflict for the depositions in this case, pending in California Superior Court, San Diego County between EpicentRx and its former accounting firm, Lohman & Dehner (now Lohman & Associates). *EpicentRx, Inc. v. Lohman & Dehner*, Case No. 37-2020-00016445-CU-RT-CTL (the "L&D Action"). That case was originally set for trial on May 20, 2022. Boock Decl. ¶5. The trial date was vacated on March 24, 2022, but not before EpicentRx's lead trial counsel in this matter spent much of February and March in depositions on that case, including depositions of several EpicentRx employees, who are also deponents in this action and are directly involved in

managing both matters. *Id*. Those cross-over witnesses were unavailable for preparation and deposition for 30(b)(6) depositions in this action until approximately April.[1]

Despite the above referenced conflicts, the Parties were able to schedule several depositions in this action between January and May. *Id*. ¶ 2. Because Dr. Carter noticed his depositions first, they proceeded first. *Id*. ¶ 7. EpicentRx took the depositions of Defendant and his current wife in April, 2022. *Id*. ¶2. The remainder of EpicentRx's depositions were noticed in May, subject to subpoenas that were sent out for service May 3, 2022. *Id*. ¶7.

Another unanticipated issue that has created an obstacle to completing depositions has been the illness of defense counsel Guy Ricciardulli. On or about May 10, 2022, Mr. Ricciardulli, advised EpicentRx that he was exposed to Covid through members of his household who tested positive. *Id*. ¶ 8. Mr. Ricciardulli subsequently advised that every other member of his household contracted Covid. Although Mr. Ricciardulli has not tested positive, he is exhibiting significant symptoms, and the Parties have rescheduled several of the in-person depositions in May out of an abundance of caution. *Id*. Given the dates remaining in May and conflicts in the calendars of both parties counsel, including the Delaware trial and a trial that defense counsel is handling in May, and conflicts in the witnesses' calendars, the Parties have not been able to identify enough days prior to May 25, 2022 to complete all the noticed depositions. *Id*.

---

[1] The Parties have worked diligently to complete their document productions and resolve their discovery disputes before May 25, 2022. Both Parties have raised objections to the other Parties' discovery responses and productions. They have met and conferred on numerous occasions and have participated in informal discovery conferences with Judge Berg 8 times since the start of this year. Boock Decl. ¶6. Because of those efforts, the Parties are not seeking (nor do they require) a continuance of the fact discovery cut-off for written discovery or document productions.

At this time, the depositions that remain to be scheduled include:

- Seven depositions of third parties noticed or identified by EpicentRx (one of which is scheduled for May 25, and two of which the witnesses have agreed to appear but are trying to reschedule due to calendar conflicts). EpicentRx contends two of the witnesses are evading service, which has taken extra time; and one of the witnesses is out of the country and will be for some time, so EpicentRx has opted to depose a related witness instead; and the final witness became important as the result of testimony from a witness who was deposed on May 17, 2022. *Id*.
- Two individual witnesses identified by Defendant. The parties are scheduling one of the witnesses for deposition; but they have a dispute regarding the other, EpicentRx's outside corporate counsel, which the Court will address during a scheduled hearing on June 1, 2022, after the discovery cutoff. *Id*. ¶9.
- The remainder of the deposition of an individual witness noticed by Defendant. This witness has health issues that prevent her from testifying for a lengthy period of time, so she has had to testify over multiple sessions. *Id*.
- The remainder of the deposition of one of the EpicentRx 30(b)(6) witnesses, which was not completed, because the court reporter that transcribed the deposition had to terminate due to medical issues associated with carpel tunnel syndrome. *Id*.

///
///
///
///
///

In addition to those depositions, Defendant is seeking to complete the depositions of four witnesses that were previously deposed. EpicentRx contends that these depositions have been completed. *Id*. ¶ 10. The Parties have met and conferred regarding this request, EpicentRx has objected, and the matter will be discussed at an upcoming informal discovery conference that is currently set for June 1, 2022, after the discovery cutoff.[2] *Id*.

### III. THE PARTIES HAVE DEMONSTRATED GOOD CAUSE.

The Parties contend that they have demonstrated good cause under Rule 16(b)(4) to amend the Scheduling Order. As stated in this Court's October 14, 2021 Order [Dkt. 117], the Parties acknowledge that, "once a Rule 16 scheduling order is issued, the dates set forth therein may be modified only 'for good cause and with the judge's consent.'" Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16 good cause standard primarily focuses on diligence). Under the good cause standard, the Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*., at 609.

Unlike written discovery and document production, depositions require counsel and witnesses to make themselves available for continuous blocks of time during regular business hours, usually requiring a full day not including travel for in-person depositions. In this case, the Parties worked diligently to coordinate their schedules and identify dates to complete all 16 depositions by May 25, 2022. *Id*. ¶¶ 2, 3 and 7. Those efforts were adversely impacted by scheduling issues and the fact that some of the witnesses were also noticed for deposition in the L&D Action.

---

[2] The Parties jointly called Magistrate Judge Berg's clerk on May 16, 2022. Boock Decl. ¶11. During that call, Judge Berg's clerk informed the Parties that Magistrate Judge Berg was presently out of the district and would be prioritizing criminal matters on return. *Id*. Accordingly, June 1, 2022 was the earliest date the Parties could get before the Court. *Id*.

*Id*. ¶5. Additionally, some depositions spanned multiple days and required accommodations due to health issues. *Id*. ¶3. The Rule 30(b)(6) deposition of EpicentRx also required multiple days given the number of witnesses that EpicentRx designated to testify regarding the 39 categories of inquiry set forth in Dr. Carter's Rule 30(b)(6) notice. *Id*. ¶4. The court reporter responsible for transcribing that Rule 30(b)(6) also raised a medical issue and requested the final day of the deposition be put off until June 2, 2022. *Id*. ¶9. Finally, in May, 2022, Dr. Carter's counsel was exposed to Covid, further reducing the number of days available for in-person depositions. *Id*. ¶8.

The Parties have met and conferred on the new proposed deadline pursuant to Civil Chambers Rule III.C. and this Court's October 14, 2021 Order. Setting aside the discovery issues that the Parties intend to raise at the scheduled June 1, 2022 informal discovery conference, the Parties agree that a short extension of the discovery cut-off to June 10, 2022 is warranted in order to complete the noticed depositions. All other aspects of fact discovery should be completed by May 25, 2022. No other deadlines in the Scheduling Order will be impacted by the requested amendment.

In light of these circumstances, the Parties contend that they have made a sufficient showing of good cause to amend the Scheduling Order, pursuant to Rule 16(b)(4) and relevant case law.

## IV. PROPOSED AMENDED SCHEDULING ORDER

The Parties propose the following amendment to the Scheduling Order: All fact discovery shall be completed by all parties on or before May 25, 2022, except that depositions identified by May 18, 2022 shall be completed on or before June 10, 2022, subject to the limits on depositions by the Federal Rules of Civil Procedure. All other requirements remain as previously set.

///

///

## IV. CONCLUSION

For the foregoing reasons, the Parties jointly request that the Court issue an amended Scheduling Order as set forth herein.

Respectfully submitted,

Dated: May 18, 2022     By: /s/ Todd A. Boock
Todd A. Boock
todd@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**

*Attorneys for Plaintiff/Counter-Defendant*
EPICENTRX, INC.

By: /s/ Guy A. Ricciardulli
Guy A. Ricciardulli
gricciardu@aol.com
**LAW OFFICES OF GUY A. RICCIARDULLI**

*Attorneys for Defendant/Counterclaimant*
COREY A. CARTER, M.D.

# SIGNATURE ATTESTATION

I, Todd A. Boock, am the ECF user whose user ID and password authorized the filing of this document. Pursuant to United States District Court, Southern District of California, Electronic Case Filing Administrative Policies and Procedures Section 1(f)(4), I attest that all signatories to this document have concurred and authorized this filing.

Date: May 18, 2022

/s/ Todd A. Boock
Todd A. Boock

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that I electronically filed the foregoing with the Clerk of the |
| 3 | Court for the United States District Court for the Southern District of California by |
| 4 | using the CM/ECF system on May 18, 2022.  I further certify that all participants in |
| 5 | the case are registered CM/ECF users and that service will be accomplished by the |
| 6 | CM/ECF system. |
| 7 | I certify under penalty of perjury under the laws of the United States of |
| 8 | America that the foregoing is true and correct.  Executed this 18th day of May, |
| 9 | 2022, in Los Angeles, California. |
| 11 | /s/ Todd A. Boock |
| 12 | Todd A. Boock |