UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICENTRX, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>COREY A. CARTER,<br><br>                             Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 20cv1058-JO (MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO LIFT MAY 24, 2022 DISCOVERY STAY;**<br><br>**(2) SETTING TELEPHONIC DISCOVERY CONFERENCE;**<br><br>**AND**<br><br>**(3) ISSUING AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS.** |

      On June 29, 2022, the parties filed a joint motion asking the Court to lift discovery stay entered on May 24, 2022, amend scheduling order, and set addition deadlines related to discovery issues.  (ECF No. 202.)  In support, the parties state that they are ready to proceed with discovery, and move to lift the discovery stay that went into effect on May 24, 2022.  (<u>Id.</u> at 3.)  The parties further assert that they require additional time until August 30, 2022, to complete the pending depositions, and ask the Court to

schedule a telephonic Discovery Conference, which was vacated in light of the stay. (Id. at 4.) Finally, the parties state that in light of the death of defense counsel and the resulting discovery stay, as well as the case's current procedural posture, they require additional time to complete non-fact discovery, and move to continue the remaining scheduling deadlines by "several months." (Id.)

Having considered the joint motion and finding good case, the Court **GRANTS** the motion. Accordingly, the Court issues the following **ORDERS**:

1. Discovery stay entered on May 24, 2022 [ECF No. 198] is **LIFTED.**

2. The deadline to complete the depositions of fact witnesses is **CONTINUED** until **August 30, 2022**.

3. The telephonic discovery conference that this Court originally set for June 1, 2022 to address potential discovery disputes and subsequently vacated in light of the stay is **RESET** for **July 14, 2022**, at **2:00 p.m.** Plaintiff's counsel is to arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632.

The parties are further **ORDERED** to submit their respective letter briefs of **no more than three (3) pages in length, including all attachments and exhibits**, describing their positions on each issue in dispute. The parties are **ORDERED** to **exchange and lodge** the letter briefs via e-mail to efile_berg@casd.uscourts.gov by **noon** on **July 12, 2022**.

Further, after consulting with the chambers of District Judge Ohta, the Court issues the following Amended Scheduling Order Regulating Discovery and Other Pretrial Proceedings:

1. All expert discovery shall be completed by all parties by **August 30, 2022**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

///
///

      2.      Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

      3.      All other pretrial motions must be filed by **September 19, 2022**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

      4.      A telephonic attorneys-only Case Management Conference is set for **October 6, 2022**, at **10:00 a.m.** Plaintiff's counsel is to arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632.

      5.      A Mandatory Settlement Conference shall be conducted on **November 16, 2022**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

      a.      **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

b.  **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c.  **Confidential Settlement Statements Required**: On or before **November 9, 2022**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

d. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

6. **If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

7. If the trial will be a bench trial, Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **December 21, 2022**. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

8. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **December 21, 2022**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

///

9. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 28, 2022**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

10. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 4, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

11. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 11, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable Jinsook Ohta** on **January 18, 2023**, at **8:30 a.m.**

13. The parties must review the chambers' rules for the assigned magistrate judge.

14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge.

No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED**.

Dated:  July 1, 2022

_____
Honorable Michael S. Berg
United States Magistrate Judge