Michael N. Pancer, Esq. SB # 43602
Law Offices of Michael Pancer
105 West F Street, 4th Floor
SAN DIEGO, CALIFORNIA 92101-2013
TELEPHONE: (619) 236-1826
TELECOPIER: (619) 233-3221

Attorneys for Defendant / Counter-Claimant,
**COREY CARTER**

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPICENTRX, INC., a Delaware corporation,<br><br>    Plaintiff/Counter- Defendant,<br><br>v.<br><br>COREY A. CARTER, M.D.,<br><br>    Defendant/Counter- Claimant. | Case No.: 3:20-cv-01058-JO-DDL<br><br>**JOSHUA D. GRUENBERG'S BRIEF RE: ORDER TO SHOW CAUSE**<br><br>**OSC Hearing Date:** November 3, 2023<br>**Judge:** Hon. Jinsook Ohta<br>**Courtroom:** 4C |

## I. INTRODUCTION

Joshua Gruenberg counsel for Defendant/Counter-Claimant Corey A. Carter, M.D. (hereinafter "Attorney Gruenberg") submits the following briefing as requested by Judge Ohta.

## II. PROCEDURAL HISTORY

Attorney Guy Ricciarduli worked on this matter since its inception. Sadly, and tragically his co-counsel Don McKillop was killed in an automobile accident on May 21, 2022. Feeling overwhelmed and needing assistance, Mr. Ricciarduli approached Josh Gruenberg for help. Mr.

1  Gruenberg represented a plaintiff in a case where Mr. Ricciarduli represented the defendant. Mr.
2  Gruenberg was introduced to Dr. Carter, was debriefed on the facts of the case by Mr. Riccarduli
3  and agreed that he and Ms. Vallero would come into the case to help present it to a jury.
4      Most of the three weeks before trial was spent reading depositions and getting up to
5  speed on the case. The case was complicated as Dr. Carter was a plaintiff and a defendant
6  accused of very serious wrongdoings that could have resulted in a large verdict against him. The
7  matter was a difficult and frustrating endeavor for Mr. Gruenberg and Ms. Vallero because of
8  how little time they had to prepare, the number of anticipated witnesses, the number of causes of
9  action and the facts of the case.
10     On Friday, October 20, 2023, Ms. Vallero examined Ms. Karissa Carter, the wife of the
11 defendant, and cross-plaintiff. Her examination of Ms. Carter is attached as Exhibit 1 to this
12 brief.  Ms. Carter testified that as a result of her husband's termination, "he was in a state of
13 shock for a few weeks. I think he couldn't believe how everything had played out. And I think,
14 you know, he wasn't sleeping." (Pg. 21:16-20). Attached hereto as Exhibit 1 is the Trial
15 Transcript during Ms. Karissa Carter's Direct Examination.
16     A few minutes later, Mr. Boock, plaintiff's and cross-defendant's attorney cross-
17 examined Ms. Carter. Mr. Boock asked Ms. Carter, "you testified that you had difficulty
18 communicating with him. I don't – I can't recall anything else beyond that. Am I correct that that
19 is the only behavior?" (Pg. 23:23-24:1). Attached hereto as Exhibit 2 is the Trial Transcript
20 during Ms. Karissa Carter's Cross Examination.
21     In response to Mr. Boock's comment, "I can't recall anything else beyond that," Mr.
22 Gruenberg unwisely said the word "shock." The record does not reflect that Mr. Gruenberg said
23 "shock" and so arguably, the court reporter did not hear the comment.  It is important to note that
24 Mr. Gruenberg had no motive or objective to influence the testimony of Ms. Carter during Mr.
25 Boock's examination. First, Ms. Carter had just used the word "shock" to describe her husband's
26 reaction to his termination. Secondly, Ms. Vallero easily could have stood up and rehabilitated
27 the witness on re-direct by asking, "Can you describe what you husband said or did that caused
28 you to use the word "shock" to describe his reaction to the termination?" Or Ms. Vallero could

have asked "How long did this "shock" that you described last for? There simply was no reason to coach the witness at that time.

More importantly, Ms. Karissa Carter did not hear the stray remark. Attached hereto as Exhibit 3 is the Declaration of Ms. Karissa Carter. As she indicates, she did not hear the comment made by Mr. Gruenberg. As she did not hear the comment, there was no harm or prejudice to the plaintiff, cross defendant. Given the lack of harm a lower level of discipline is appropriate in this case.

After Mr. Gruenberg made the comment Mr. Boock immediately asked for a sidebar to address Mr. Gruenberg's comment. Later that day the court set an OSC for November 3, 2023.

The OSC was held on November 3, 2023. Mr. Boock and Mr. Gruenberg were sworn and provided their versions of the event. The court determined that Mr. Gruenberg's explanation that the comment was directed at Mr. Boock not to be plausible. The court further indicated it would consider a fine of not more than $5,000, a referral to the state bar of California and/or an Ethics Class. The court further requested this brief from Attorney Gruenberg.

Attorney Gruenberg takes this matter extremely seriously. He has reviewed the cases of *Barnrd v. City of Tacoma*, 664 F.2d 1339 (1982), *U.S. v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342 (1985), and *Hernandez v. City of Vancouver*, 657 Fed Appendix 685 (2016).

**III.     ANALYSIS**

    a.   Case Authority Supports Counsel's Position That Monetary Sanctions Are Not Warranted

Counsel's conduct does not meet the threshold requirement for imposing monetary sanctions or finding him in contempt of court.

In *Hernandez*, plaintiff's counsel Boothe was found in contempt of court and monetarily sanctioned by the district court for his conduct during trial in an employment discrimination case. (*Id*. at 686.) The judge imposed monetary sanctions on Boothe for making faces in court that were presumed to be coaching witnesses while they testified, and held him in contempt for engaging in witness tampering through attempting to intimidate a witness in the hallway who was also the City's in-house counsel. (*Id*.) The judge declared a mistrial and set an evidentiary

hearing for Boothe to show cause as to why he should not be held in civil contempt. (*Id*. at 686-87.) The two witnesses who Boothe allegedly coached testified at the evidentiary hearing that they did not look at Boothe to try and figure out how to answer the other attorney's questions. (*Id*. at 687.) The judge found that the "making faces" was not contempt, because it was not bad faith, but was still a sanctionable event for wasting the court's time. (*Id*.) Regarding the intimidating hallway conversation, the judge found that Boothe acted in bad faith and held him in contempt. (*Id*.) Boothe appealed the court's rulings. (*Id*.)

The Ninth Circuit Court of Appeals reversed the district court's monetary sanction regarding Boothe making faces and allegedly coaching witnesses since there was no finding that it was done in bad faith, making such conduct not sanctionable. (*Id*.) The Court of Appeals also vacated the contempt order and associated monetary sanction and remanded for further consideration of the witness intimidation incident. (*Id*. at 688.) *Hernandez* is analogous to the case at bar because Attorney Gruenberg's conduct was not undertaken in bad faith and had little to no effect on the proceedings. This Court should apply the same rationale as the *Hernandez* court and determine that even though it may appear that Attorney Gruenberg's conduct was geared towards coaching a witness, that his conduct was not rooted in bad faith or any unjust intention. Attorney Gruenberg was merely trying to assist opposing counsel and since his courtroom conduct resulted in no harm to the Plaintiff and had no effect on the testimony provided by Mrs. Carter, monetary sanctions are not warranted.

In *Barnrd v. City of Tacoma*, 664 F.2d 1339 (1982), both a mistrial and monetary sanctions were granted by the district court due to defense counsel deliberately tainting the jury by referencing Plaintiff's previous arrests during his opening statement after a motion in limine was raised addressing Plaintiff's criminal history. (*Id*. at 1342.) Defense counsel was ordered to personally pay jury costs, witness and expert costs, and attorney's fees, which he ultimately appealed. (*Id*. at 1340.) The Ninth Circuit Court of Appeals assessed whether the district court relied upon its inherent powers or statutory authority in imposing sanctions. (*Id*. at 1342.) *28 U.S.C. § 1927* provides that an attorney who so multiplies the proceedings in any case as to increase costs "unreasonably and vexatiously" may be required by the court to satisfy personally

such excess costs. (*Id*. at 1342-43.) The Court of Appeals determined that the language "unreasonably and vexatiously" is met by the threshold requirement of intent, recklessness, or bad faith. (*Id*. at 1343.) The Court of Appeals held that the case needed to be remanded to the district court to either withdraw the personal sanctions or enter a specific findings of fact on whether defense counsel acted willfully or in bad faith. (*Id*.)

Similar to the court in *Barnd*, this Court should also only impose monetary sanctions upon a finding that Attorney Gruenberg acted willfully or in bad faith when he made his comment in the courtroom. Further, it is likely apparent that Attorney Gruenberg did not act willfully or in bad faith to lengthen the proceedings or increase costs unreasonably and vexatiously because his comment was limited to one word and was not made loud enough for the witness or court report to hear it.  Additionally, no evidence has been presented that Attorney Gruenberg had a willful intention or undertook this action in bad faith to lengthen the proceedings or increase costs for the opposing party. Rather, his conduct should be categorized as negligent as it fails to be calculated, vexatious, and deliberate.

Furthermore, the reasoning of the district court in *Barnd* is distinguishable from the matter at hand due to the disparity in the delay of the proceedings and the increase in costs. The conduct of the defense attorney in *Barnd* resulted in a mistrial whereas here Attorney Gruenberg's conduct caused no change in the testimony or the length of the trial. The side bar delay in the proceedings was minimal as the majority of trial had been completed for the day in question and there was no increase in trial costs. (*See also U.S. v. Associated Convalescent Enterprises, Inc*., 766 F.2d 1342, 1347 (1985)) (holding that monetary sanctions under *28 U.S.C. § 1927* were appropriate for counsel's calculated, unreasonable, vexatious, and irresponsible failure to disclose a potential conflict of interest that led to his disqualification and ultimately a continuance of trial the day before trial was set to begin). As such, there is little to no basis to infer that Attorney Grunberg acted with the degree of culpability necessary to determine that his comment was made were intentionally, recklessly, or in bad faith to lengthen the proceedings or increase costs unreasonably and vexatiously.

The cases cited above are significant as they further demonstrate how monetary sanctions are not appropriate when counsel has not acted willfully or in bad faith, which is the situation here. On a similar note, Attorney Gruenberg's conduct should not warrant a finding of contempt because the statement uttered did not pose an imminent threat to the administration of justice. (*See In Re Little*, 404 U.S. 553, 555 (1972)) (overruling a district court's finding of contempt and finding no contempt when language used did not pose an imminent threat to the administration of justice); (*see also Hawk v. Superior Court*, 42 Cal.App.3rd 108, 116 (1974)) (holding that a previous contempt order was reversed since it was based on words wholly innocuous or language which is in itself not insolent, contemptuous or disorderly, the judge is first required to warn the person before taking disciplinary action against him).

### b. This Court Should Not Exercise Its Inherent Powers to Award Monetary Sanctions or to report the matter to the State Bar.

The factual circumstances involved in this incident should not warrant this Court to exercise its inherent powers to award monetary sanctions. "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." (*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, (1980)). A trial court's inherent powers unquestionably include the power to assess attorney's fees against any counsel who willfully abuses judicial process or otherwise conducts litigation in bad faith. (See *id*. at 766.)

Moreover, imposing monetary sanctions here fails to serve either of the two-fold purposes for such sanctions. Sanctions are intended to remedy the prejudice the aggrieved party has suffered and punish (and hopefully reform) the party who committed wrongdoing. (*See Barnd*, 664 F.2d 1342.) Here, Plaintiff/Counter-Defendant Epicentrx and its counsel suffered no prejudice or harm from the conduct in question. The jury reached a unanimous verdict in which it did not find in favor of Defendant/Cross-Complainant Corey Carter and did not award any emotional distress damages whatsoever. In addition to the aggrieved party suffering no prejudice to remedy, the interests of justice would not be best served by punishing Attorney Gruenberg for conduct that was both unintended and without the degree of culpability necessary to find that it was in bad faith.

Similarly, a report to the state bar is not warranted because Mr. Gruenberg only made one comment and that comment had no effect on the proceedings. Mr. Gruenberg continues to maintain he made the comment to Mr. Boock, though the court did find that explanation not plausible. However, it is undisputed that the word "shock" uttered by Mr. Gruenberg did not reach the court reporter who as seated further away than the court and closer to Mr. Gruenberg than the witness. The witness, Karissa Carter, has declared under oath that she did not hear Mr. Gruenberg's comment. Mr. Gruenberg's comment was inappropriate, and he regrets making it.

### c. The Appropriate Sanction Here is an Order that Mr. Gruenberg attend a Continuing Education Course.

If this Court finds harm, then the appropriate sanction in this case is for the court to order the completion of a Continuing Education Course. For the court's convenience, Attorney Gruenberg attaches the following classes available for the court to order he attend. Attached hereto as Exhibit 4 are a variety of courses or classes that the Court may determine appropriate and a website URL for the Court to review those classes. https://lexvid.com/cle-courses?pageNumber=1&sortBy=popular.

### IV. CONCLUSION

For the foregoing reasons, Attorney Gruenberg requests no sanctions. If harm is found, a court order requiring the completion of an Ethics Class is the appropriate sanction.

                                               /s/ Michael N. Pancer  
                                               MICHAEL N. PANCER

OSC BRIEF OF JOSH GRUENBERG

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system on November 17, 2023. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of November, 2023, in San Diego, California.

                                                                       /s/ Michael N. Pancer
                                                                       MICHAEL N. PANCER